JUSTICE HUNT
dissents.
¶33 I dissent from the Court’s holding and result based on its determination in the second issue for the reasons stated below.
¶34 The majority declares that the District Court granted a new trial sua sponte based upon a special post verdict survey, and in doing so, abused its discretion. The District Court does not state that its decision to grant a new trial sua sponte is based upon this survey. Rather, the District Court’s memorandum gives many reasons why the jury verdict form confused the jury and why their verdict did not clearly express the jury’s intention.
¶35 The District Court found that there were “glaring insufficiencies within the verdict form,” particularly in the absence of the grade of offense of aggravated assault by accountability. It reasoned that the omission of the grade of offense of aggravated assault by accountability may have inadvertently led the jury to believe that it was the lesser included offense or misdemeanor charge alluded to in its Instruction No. 10.
¶36 Instruction No. 10 clearly stated that Marker was charged with a felony in the verdict form which stated “Aggravated Assault (a felony).” This instruction went on to say “[i]n the event you find the Defendant not guilty... you must consider the lesser included offense....” Again the verdict form states “Aggravated Assault (a felony) -OR— Aggravated Assault By Accountability.” The District Court reasoned that the jury never saw the lesser included offense contained on the second page of the verdict form.
¶37 The District Court found that credence was given to the argument that the jury was confused by the language on the bottom of the first page of the jury form which said, “you need go no further.” The court reasoned that, “obviously this instruction was taken out of context, for it resulted in the jury’s failure to even address Counts II and III [both contained on page two].” The District Court pointed out that at trial, the jury informed the bailiff that they had reached a verdict, *390 but did not specify that they were unable to reach a decision on the other counts. The District Court did not believe that the jury simply refused to make a determination on Counts II and III. Instead, the District Court found that the jury was confused by the verdict form. ¶38 The District Court briefly mentioned that a special post verdict survey confirmed its finding that the jury was confused and thus the verdict did not express the jury’s intention. The court determined that the language and format of the verdict form were confusing. In addition, the jury failed to completely fill out the verdict form. These incongruities provide more than enough support from the record that the jury was confused. Contrary to the claims of the majority, the District Court’s decision was clearly not based solely on this post verdict survey. Rather, the mention of the post verdict survey appears to have served as a further confirmation to the District Court’s conclusion that the verdict form was flawed. The District Court found that the insufficient verdict precluded it from intelligibly rendering a judgment. The defective form did not clearly express the jury’s intention, and the District Court felt that it could not “correct, remold or reform the verdict” and still do its duty. It decided that the only fair response to these serious procedural flaws was to order a new trial.
¶39 Ultimately, I agree with the District Court that we owe a duty to the defendant to correct what appears to be an injustice to the defendant:
By way of summary, the Court adds that this case sadly reflects little credit to the system, a fault which many, including the Court, must share. The Defendant is the victim and if the verdict stands he faces revocation of a probationary sentence in Madison County. The probation officer is as distressed as the Court because his client was making remarkable progress. This is not to say that he was blameless. As a probationer, he should not have even been in a bar.
What bothers the Court and to some extent the prosecution, is that the principal culprit “walked” and will never be held “accountable,” at least criminally. In contrast it is Defendant who became “accountable.” If he is to be held accountable, it should be in an unflawed proceeding, otherwise justice has not prevailed.
¶40 For the reasons set forth in the Court’s holding in issue one, I concur. Regarding issue two, for the reasons set forth above, I dissent.
JUSTICE TRIEWEILER joins in the foregoing dissent.